IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
APPLIED UNDERWRITERS, INC., a  )
Nebraska corporation,          )
                               )
            Plaintiff,         )        8:13CV25
                               )
      v.                       )
                               )
A&I STEEL FABRICATORS, INC.,   )        MEMORANDUM AND ORDER
a California corporation, and  )
ABLE IRON WORKS, INC.,         )
                               )
            Defendants.        )
_____)
```

This matter is before the Court on defendants' motion to dismiss or in the alternative for a change of venue (Filing No. 15). The Court finds that the materials filed to this point raise a question regarding the Court's subject matter jurisdiction that the parties have not yet addressed.

Rule 17(a) of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real party in interest." Plaintiff's brief explains that California Insurance Company ("CIC") issued the worker's compensation policies for which plaintiff now seeks unpaid premiums and that CIC is an "indirect subsidiary" of Applied Underwriters, the sole named plaintiff. This implies that, although Applied may be interested in the outcome of the litigation, the parties to the contracts at issue might actually be the defendants and CIC. Aside from a single line in the defendants' reply brief, neither party has addressed whether CIC is the real party in interest

and, therefore, a necessary party to the litigation under Federal Rule of Civil Procedure 19(a).[1]

CIC's status is particularly important because it also appears that CIC might be a citizen of California.[2] If this is the case, this Court's subject matter jurisdiction, premised as it is on diversity of the parties, may well be lacking. The precise identity of the parties to the contracts and the relationship between the parties has not been made sufficiently clear for the Court to determine whether Applied is a real party in interest or whether California Insurance Company is *the* real party in interest. Nor have the parties addressed the factors of Rule 19(a) that could affect a ruling on compulsory joinder. Finally, the parties have not clarified whether California Insurance Company is a citizen of California for the purposes of 28 U.S.C. § 1332.

The Court finds additional briefing is necessary. The Court is also cognizant of the potential implications of the Eighth Circuit's holding that where a diverse corporation acts as collections agent for non-diverse corporations, the non-diverse

---

[1] Federal Rule of Civil Procedure 17(a)(3) requires that, rather than dismissing "an action for failure to prosecute in the name of the real party in interest," the Court must give "a reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action."

[2] Plaintiff has indicated that California Insurance Company is "a California property and casualty insurance company" that is "domiciled" in California.

corporations are the real parties in interest. *Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency, Inc.*, 149 F.3d 794, 797 (8th Cir. 1998); *see also Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991-92 (9th Cir. 1994) (affording close scrutiny to "diversity-creating assignments"). Accordingly,

    IT IS ORDERED:

    1) On or before May 14, 2013, plaintiff shall file a brief addressing whether California Insurance Company is a required party under the criteria of FRCP 19 and, if it is such a party, whether California Insurance Company's citizenship affects the Court's subject matter jurisdiction.

    2) On or before May 28, 2013, defendants shall file a responsive brief.

    DATED this 23rd day of April, 2013.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court